UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

FILED SEP 20 2006
T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

International Sleep, Inc.,

Debtor.

No. 05-05760-FLK11

FINDINGS OF FACT AND
CONCLUSIONS OF LAW RE:
CONFIRMATION OF DEBTOR'S
PLAN OF REORGANIZATION

On Monday, September 18, 2006, this court held a hearing to consider confirmation of the debtor's plan of reorganization (the "Plan") filed on November 15, 2005, and amended by First Amendment to Plan of Reorganization filed June 27, 2006. The debtor was represented by its attorney, Dan O'Rourke. Creditor International Sleep Institute of Washington, Inc. ("ISIOW") was represented by its attorney, Michael Johns.

The court considered: the Plan; the Disclosure Statement; the Affidavit of Kenneth Nichols; the testimony of Kenneth Nichols; the representations of counsel made at the hearing; and the facts and circumstances of the case. There were no objections to confirmation of the plan, except as follows: the debtor and ISIOW disagree about whether the debtor's plan payment to ISIOW should be held in escrow, pending the outcome of the debtor's appeal of the ISIOW judgment against the debtor entered by Benton County Superior Court, State of Washington, now pending in the Court of Appeals, State of Washington. The debtor asserts that ISIOW is an insolvent corporation and the debtor will not be able to recover its plan payments to ISIOW, in the event the debtor is successful in its appeal. ISIOW asserts that the plan payments should not be placed in escrow because the debtor's prospects for a successful appeal of the judgment entered against the debtor are remote. In all other respects, ISIOW consents to confirmation of the debtor's plan, as modified. The parties have asked the court to resolve this issue. In accordance with the September 18, 2006, confirmation hearing, this court being fully advised on the premises and good cause appearing therefore, the court makes the

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. International Sleep, Inc. (the "Debtor") is the debtor and debtor in possession in the above-captioned chapter 11 case, having filed a voluntary chapter 11 petition on July 20, 2005.

2. The debtor's disclosure statement (the "Disclosure Statement") referring to the Plan, was approved by the court pursuant to an order entered on March 9, 2006. In accordance with said order, the Disclosure Statement, together with the Plan, notice of the confirmation hearing regarding the Plan, and the ballots were mailed by the Debtor on March 14, 2006, to all creditors, interest holders, and other parties in interest in this case in full compliance with the court's orders and requirements of Rule 3017(d) of the Federal Rules of Bankruptcy Procedure.

3. The court fixed April 25, 2006, as the last day for filing and serving written objections to confirmation of the Plan pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure. Except for ISIOW, no objections to confirmation of the Plan were timely filed.

4. The court also fixed April 11, 2006, as the last day for the return of ballots to be filed with the clerk of the bankruptcy court. All ballots received were in favor of the plan, except for class 5, ISIOW. Classes under the Plan entitled to vote were class 6 (general unsecured creditors) and class 7 (interest holders). Of the members of class 6 voting on the Plan, 5 members holding 100 percent of the claims voted in favor of the Plan. Class 7 (the interest holders) voted in favor of the Plan. No interest holder voted against the Plan.

5. Class 5, ISIOW, filed an objection to confirmation of the Plan and voted against the Plan.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

6. On June 27, 2006, the debtor filed the First Amendment to Plan of Reorganization. On the same date, notice of the amendment and time to object was mailed to all creditors on the master mailing list. The First Amendment to Plan of Reorganization increases the interest rate paid to ISIOW from 6 percent to 7 percent per annum. Additionally, the amendment increases the monthly payment amount from $3,000 per month to $6,500. Finally, the First Amendment to Plan of Reorganization changes Article X of the Plan to provide that no disbursements shall be made to administrative claimant until said claims are court approved.

7. To the extent that any of the below conclusions of law may be considered findings of fact, the same are incorporated by reference as though fully set forth as findings of fact.

## CONCLUSIONS OF LAW

1. To the extent that any of the above findings of fact may be considered to constitute conclusions of law, the same are incorporated by reference as though fully set forth as conclusions of law.

2. The Plan complies with the applicable provisions of chapter 11 of the Code.

3. The proponent of the Plan complies with the applicable provisions of the Code.

4. The Plan has been proposed in good faith and not by any means forbidden by law.

   A. Any payment made or promised by the proponent, by the Debtor, or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the Plan and incident to the case, have been disclosed to the court; and

   B. Any such payment made before confirmation is reasonable; or if

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3

such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the court, as reasonable.

5. A. The proponent of the Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a successor to the Debtor under the Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy.

   B. The proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

6. Any regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor has approved any rate change provided for in the Plan, or such rate change is expressly conditioned on such approval.

7. With respect to each class, each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan an account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7; or

8. With respect to each class, such class has accepted the Plan, or such class is not impaired under the Plan.

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

   A. With respect to a claim of a kind specified in sections 507(a)(1) or 507(a)(2) of the Code, on the effective date of the plan, the holder of

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4

such claim will receive on account of such claim cash equal to the allowed amount of such claim.

B. With respect to a class of claims of a kind specified in sections 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Code, each holder of a claim of such class will receive, if such class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or, if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; and

C. With respect to a claim of a kind specified in section 507(a)(8) of the Code, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding 6 years after the date of assessment of such claim, or a value, as of the effective date of the Plan, equal to the allowed amount of such claim.

10. At least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class.

11. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

DATED this 20th of September, 2006.

*/s/ Frank L. Kurtz*
FRANK L. KURTZ
Bankruptcy Judge

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 5